FRANK D. UPCHURCH, Jr., Judge.
Appellant, A.T.P., a child, appeals from orders of adjudication and disposition in a dependency action. Appellant challenges the sufficiency of the dependency petition filed against her as well as thé trial court’s failure to advise her of her right to counsel prior to the initial hearing on the petition.
Appellant was charged in the dependency petition with having “excessive absences from attendance at Osceola High School.” She argues that the charge of “excessive absences” from school is not grounds for dependency under chapter 39, Florida Statutes (1981), and therefore the dependency petition filed against her was insufficient. We agree.
Section 39.01(9), Florida Statutes, (1981), provides in relevant part that:
“Child who is found to be dependent” means a child who, pursuant to this chapter, is found by the court:

(d) To be habitually truant from school while being subject to compulsory school attendance.
The state argued below that “excessive absences” is the same as being “habitually truant” but this is clearly incorrect. “Truant” is defined as “one who shirks duty, especially one who stays out of school without permission.” Webster’s New Collegiate Dictionary (1973). Here the petition did not allege that appellant’s absences were unexcused or without the school’s permission. The petition merely alleged “excessive absences.” Mere “excessive absences” do not constitute grounds for dependency under chapter 39. Therefore the petition here failed to charge a ground for dependency and could not support the action taken against appellant.
While not required for disposition of this appeal, we believe that appellant’s right to counsel argument also merits some discussion. Just after the petition was filed, appellant and her mother appeared at what was termed a detention hearing. The assistant state attorney first advised appellant that he would read the petition to her, that if there were anything untrue in it she could tell him and if she wanted to deny the petition, an adjudicatory hearing would be set. He added that should she admit the allegations in the petition (“if you think what I say is true, then you go ahead admit it right here”), a dispositional hearing would then be held.
The petition alleging excessive absences was read to appellant and she stated, “It’s true.” Appellant’s mother declared that appellant had doctors’ excuses for some of the days but the court accepted appellant’s statement as admitting the dependency petition. The court then set the matter for a *357 dispositional hearing. Appellant’s mother commented that her daughter was under the care of three doctors and had suffered various illnesses which resulted in the absences. The court advised appellant’s mother to go to HRS and give them a complete report including the doctors’ reports so the court could consider the material at the dispositional hearing.
Appellant’s mother also asked whether her daughter was entitled to counsel at the dispositional hearing. The court replied that she was.
Section 39.406, Florida Statutes (1981), which is applicable to dependency cases, provides:
No answer required. — No answer to the petition or any other pleading need be filed by any child, parent, or legal custodian, but any matters which might be set forth in an answer or other pleading may be pleaded orally before the court or filed in writing as any such person may choose. Notwithstanding the filing of an answer or any pleading, the child or parent shall, prior to an adjudicatory hearing, be advised by the court of his right to counsel and shall be given an opportunity to deny the allegations in the petition for dependency or to enter a plea to allegations in the petition before the court.
While in In the Interest of D.B., 385 So.2d 83 (Fla.1980), the supreme court held that there is no constitutional right to the appointment of counsel to indigent participants in all juvenile dependency proceedings, the court did add the following proviso:
Further, certain due process requirements must be observed even though counsel is not constitutionally required. All parents must be given notice of a dependency hearing, advised that they have a right to be represented by counsel of their choice, and afforded a period of time to obtain counsel which is reasonable under the circumstances.
385 So.2d at 91.
Logic, as well as section 39.406, requires that the subject child also be informed that she has a right to be represented by counsel of her own choice.
Under the facts here, the so-called detention hearing was actually a summary adjudicatory hearing and appellant and her mother were entitled, under section 39.406, to be advised prior thereto that they had the right to be represented by privately retained counsel. The adjudicatory and summary nature of the hearing is reflected in the fact that despite appellant’s mother’s claim that her daughter’s absences were excused due to illness, the trial judge nevertheless ruled that appellant had admitted to excessive absences and all that remained was disposition. Clearly, the trial judge was aware that a dispute existed as to whether the absences were valid or not and this issue should have been resolved at a full-fledged adjudicatory hearing pursuant to section 39.408(1), Florida Statutes (1981). The trial court’s failure to hold such a hearing and allow appellant an opportunity to obtain counsel prior thereto was error.
We REVERSE and REMAND for further proceedings.
ORFINGER, C.J., and SHARP, J., concur.