517 So.2d 711 (1987)
IN the INTEREST OF M.D.A., D.J.A., and M.L.A.
No. 87-0201.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
Clarification Denied January 27, 1988.
*712 Alberta S. Widman of Alberta S. Widman, P.A., Fort Pierce, for appellant-Daniel Alsdorf, Sr.
John H. Power, Vero Beach, for appellee-Dept. of Health and Rehabilitative Services.
DOWNEY, Judge.
The father of three minor children prosecutes this appeal from a final judgment of the circuit court permanently terminating his parental rights and committing his children to the custody of the Department of Health and Rehabilitative Services for adoption placement.
Without detailing the long history of dependency proceedings and the questionable care and treatment of the children by their parents, suffice to say that dependency proceedings were had involving an initial arraignment, adjudicatory and dispositional hearings, several judicial reviews, the execution of a performance agreement, and, eventually, a further judicial review on November 19, 1985, at which the trial court advised the parents that a permanent placement plan for these children was imminent. Thereafter, the court appointed counsel for the father and, after the final judicial review, the judgment appealed from was entered and a permanent placement plan was approved by the court.
On appeal, the father contends the trial court erred 1) in not advising him early on of his right to counsel, 2) in failing to timely appoint counsel, 3) in severing the father's parental rights based on the evidence, and 4) in failing to appoint a guardian ad litem to represent the children at the permanent commitment hearing.
Because we find the judgment must be reversed based upon the failure of the trial court to advise the father of his right to counsel of his choice during the early stages of the proceedings, we need not treat the other points raised.
Section 39.406, Florida Statutes (1981), provides that "the child or parent shall, prior to an adjudicatory hearing, be advised by the court of his right to counsel." The right to counsel of one's choice is a due process constitutional right to be distinguished from the constitutional right to appointment of counsel. As the Supreme Court of Florida held in In the Interest of D.B., 385 So.2d 83 (Fla. 1980), when parents are facing the possibility of permanent termination of custody, they are, if indigent, entitled to the appointment of counsel. Whereas, if permanent termination of custody is not threatened, appointment of counsel is to be determined by the court on a case-by-case basis. Davis v. Page, 714 F.2d 512 (5th Cir.1983), cert. denied, 464 U.S. 1052, 104 S.Ct. 735, 79 L.Ed.2d 194 (1984). There is a further due process right to be advised of one's right to counsel of his choice in dependency proceedings, which right should be honored early on in the proceedings. An excellent explication of this right is set forth in the concurring opinion of Judge Cowart in White v. Dept. of Health and Rehabilitative Services, 483 So.2d 861, 864 (Fla. 5th DCA 1986). See also In the Interest of A.T.P., 427 So.2d 355 (Fla. 5th DCA 1983). In the present case, unfortunately, the proceedings had been going on for several years before permanent termination became a real threat and the trial court appointed counsel for the father. Prior thereto the court had not advised him of his right to counsel of his choice. Thus, by the time counsel was appointed for the father, any prejudice accruing from the absence of counsel had set in because, of course, the final review at which the termination hearing occurs involves the proceedings that have transpired from the commencement of the matter.
Our review of this case convinces us that the father might have fared differently had he been advised of his right to counsel at the beginning of the proceedings. Thus, we feel compelled to reverse the judgment *713 and remand the cause to the trial court for further proceedings.
REVERSED AND REMANDED, with directions.
LETTS and WALDEN, JJ., concur.