565 So.2d 371 (1990)
In the Interest OF M.R., S.R., and H.R., All Children.
Nos. 90-458, 90-470.
District Court of Appeal of Florida, First District.
August 6, 1990.
Rehearing Denied August 30, 1990.
Gregory J. Cummings, Joseph S. Conlin, John D. Carlson of Gatlin, Woods, Carlson & Dowdery, Tallahassee, for appellants.
Donna B. Bass, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
Susan L. Turner, Holland & Knight, Tallahassee, for Guardian Ad Litem.
ALLEN, Judge.
This is an appeal from a final order terminating the parental rights of the parents of three young children.[1] The children's maternal grandmother, who was granted standing in the proceedings below, also appeals from the trial court's disapproval of *372 her proposed plan of conduct.[2] Because the record fails to reveal that the insolvent parents were afforded meaningful assistance of counsel, we vacate that portion of the final order which terminated the parental rights of the parents. We find that the trial court's disapproval of the grandmother's proposed plan of conduct was within the discretion of the trial court and affirm that portion of the final order.
At the advisory hearing[3] on the petition by the Department of Health and Rehabilitative Services for termination of parental rights, the trial court determined that the parents were insolvent and appointed counsel as required by Section 39.465, Florida Statutes.[4] Despite such appointment, and despite his being advised of the date for the adjudicatory hearing, the appointed counsel inexplicably failed to appear for the adjudicatory hearing.[5] Other acts of the appointed counsel also raised doubts as to his competence, or at least as to the level of attention he gave to this case.[6]
The right of impoverished parents to the assistance of appointed counsel in proceedings for termination of their parental rights is a basic right guaranteed by the due process provisions of the United States and Florida Constitutions. In the Interest of D.B. and D.S., 385 So.2d 83 (Fla. 1980). Obviously, this fundamental right lacks vitality where counsel is not present at critical stages of the proceedings, or where appointed counsel's performance otherwise fails to afford the most basic services which should reasonably be expected of competent counsel. Consequently, we hold that such counsel must provide services which are sufficient to provide meaningful assistance. Where meaningful assistance of counsel has not been provided, an order terminating parental rights must be set aside. We do not endeavor by this opinion to establish the exact contours of the principle announced herein, but we do hold that the unexplained failure of the parents' appointed counsel to even make an appearance at a termination of parental rights adjudicatory hearing fails, as a matter of law, to satisfy the meaningful assistance of counsel required.
Accordingly, that portion of the final order disapproving the maternal grandmother's proposed plan of conduct is affirmed. That portion of the final order terminating the parental rights of the children's parents is vacated, and this cause is remanded for further proceedings in accordance with this opinion.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Chapter 39, Part VI, Florida Statutes.
[2] Rule 8.760, Florida Rules of Juvenile Procedure.
[3] Section 39.466, Florida Statutes.
[4] Counsel appointed at trial was not the same counsel which represents the parents on appeal.
[5] A deputy clerk present at the adjudicatory hearing simply advised that the parents' counsel was "out of the country." No other explanation for counsel's absence was provided.
[6] The appointed counsel's responsive pleadings to the petition for termination of parental rights were a plea of "not guilty", a demand for discovery under Rule 3.220, Florida Rules of Criminal Procedure, and a demand for trial by jury. Further, the appointed counsel's notice of appeal was an operating model on how to do almost everything wrong. Even after he was allowed by this court to amend the notice of appeal, the amended notice set forth the incorrect case style.