COWART, Judge,
dissenting.
In January, 1988, a Petition for Dependency was filed seeking to have A.P.Z., a child, declared dependent. At the arraignment in the dependency proceeding, the mother of the child was not advised by the court of her right to counsel as required by Florida Rule of Juvenile Procedure 8.560(a)(1).[1] Thereafter based on admissions by the mother acting without counsel, an order was entered adjudicating the child dependent. Five months later in connection with a judicial review, an order was entered appointing counsel for the mother. Three months later a Petition for Termination of Parental Rights was filed and pursuant to section 39.465(1), Florida Statutes,[2] counsel was appointed to represent the mother in the termination proceeding.
Section 39.467(2)(c)1., Florida Statutes, provides that at the adjudicatory hearing on a Petition for Termination of Parental Rights it must be proven by clear and convincing evidence that the parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure.
After HRS rested its case at the hearing on the petition for termination of the mother’s parental rights, her counsel moved the court for a judgment denying the petition calling the court’s attention to the fact that HRS had failed to prove that the mother had been advised of her right to counsel in the dependency proceeding. The original *606 juvenile judge took the matter under advisement, ordered a transcript of the dependency arraignment, and found that, in fact, the mother had not been advised of her right to counsel as provided by Rule 8.560(a)(1). Based on that finding the original juvenile judge dismissed the Petition for Termination of Parental Rights and directed the Clerk to set an arraignment on the original Petition for Dependency.
HRS appealed the order dismissing the Petition for Termination of Parental Rights and did not pursue the original prosecution of the Petition for Dependency. During the pendency of the appeal the mother filed a motion in juvenile court to have her child returned to. her. A successor juvenile judge granted the mother’s motion and HRS petitioned this court for certiorari review of the order returning the child to the mother. We have combined and considered both the HRS appeal of the order dismissing the Petition for Termination of Parental Rights and the Petition for Certiorari Review of the order returning the child to its mother. These orders should be affirmed.
Section 39.468(2), Florida Statutes, provides in short that if HRS fails to prove a petition for the permanent termination of parental rights, the juvenile court shall enter an order placing or continuing the child in foster care or returning the child to its natural parents. This statutory provision is necessarily subject to certain constitutional restrictions and assumptions. The assumptions appear to be that the child has previously been the subject of an order of dependency committing the child to the temporary legal custody of HRS and that dependency order stands valid and effectual after the denial of the petition for permanent termination.
If the permanent termination proceeding follows, as it often does, a valid order adjudicating dependency and committing the child to the temporary legal custody of HRS for placement in foster care (sections 39.409 and 39.41(1)(d), Florida Statutes), then, of course, upon the failure of HRS to prove its petition for permanent termination, the trial court may forthwith “enter an order ... continuing the child in foster care ...” as section 39.468(2), Florida Statutes, contemplates. On the other hand, if the custody of the child has not theretofore been the subject of a valid petition, proceeding, and adjudication of dependency (see sections 39.404, 39.405, 39.408 and 39.-409, Florida Statutes) merely because HRS has failed to prove a petition for permanent termination of parental rights does not permit a trial court to summarily enter an order placing the child in foster care without violating due process relating to notice and opportunity to be heard under the statutory provisions cited above.
If, for any reason, there is no valid and subsisting order adjudicating dependency and committing the child to foster care, HRS, upon the denial of its petition for permanent termination of parental rights, is free to immediately take the child into custody under section 39.401, Florida Statutes, and to institute proceedings to have the child declared dependent or “in need of services” and its custody temporarily committed to HRS for foster care under section 39.41(1)(d) or section 39.442(2)(a)4, Florida Statutes. If there is no valid order adjudicating dependency, and HRS is not interested in prosecuting a pending dependency proceeding, or initiating a new one and a permanent termination proceeding has been decided adverse to HRS, then the juvenile court should order the child returned to its natural parents.
In this case the original juvenile judge considered that the failure of the court to advise the mother at the arraignment in the dependency proceeding of her right to have counsel present, as required by Florida Rule of Juvenile Procedure 8.560(a)(1), not only justified the dismissal (denial) of the petition for termination of parental rights,[3] but also invalidated the prior dependency proceeding and the prior order *607 adjudicating the child dependent.[4] The original juvenile judge was correct in both particulars. The original juvenile judge’s thought was that, in view of the infirmities in both proceedings, the proper thing to do was to revert to the arraignment stage in the original dependency proceeding at which stage the mother’s right to be advised of a right to counsel had been violated.[5] After losing the permanent termination proceeding, instead of proceeding with a new arraignment on the initial petition for dependency and prosecuting that proceeding in accordance with the opportunity offered by the original juvenile judge’s order, as set forth in the note below, HRS elected to only appeal the order dismissing the petition for permanent termination.
At this juncture, the successor juvenile judge was faced with a motion by the child’s mother to return custody of the child to the mother. At this point HRS had declined to prosecute the initial dependency petition, there was no valid order adjudicating dependency and the permanent termination proceeding was dismissed and no longer pending, therefore, the successor judge concluded that there was no justicia-ble controversy before him and that “the continued detention of the child in the care of the Department is without legal basis” and that in that posture the child should be returned to its mother. The successor judge entered an order returning the child to its mother but noted that decision was not predicated on an affirmative determination that such action was in the best interest of the child, by implication meaning there was nothing for the juvenile judge to do but to return the child to its mother.[6] When the successor juvenile judge queried HRS about the applicability of section 39.-473(3), HRS took the position that Florida Rule of Juvenile Procedure 8.840(a) precluded the juvenile court from returning a child to its parents during the pendency of an appeal by HRS from an order denying the petition for permanent commitment. The successor juvenile judge correctly ruled against HRS as to that contention and accordingly ordered the child returned to its mother.[7]
While it can be correctly stated that the petition for termination of parental rights should have been denied rather than dismissed (a correct but rather formalistic and technical distinction[8]), under the circumstances of this case it is not correct to assume that the successor juvenile judge found or assumed that the return of the child to its mother was not in the best interest of the child and in view of the decision of HRS to not prosecute on the original dependency petition as suggested *608 by the original juvenile judge and its insistence on an appeal to vindicate its erroneous position before the juvenile court as to the applicability of Rule 8.840(a), the order of the successor judge returning the child to its mother was not erroneous.
GOSHORN, C.J., concurs.

. Applicable to dependency proceedings the Rule provides in part:
Rule 8.560. Providing Counsel to Parties
(a) Duty of the Court.
(1) At each stage of the proceeding the court shall advise the parent, guardian or custodian of their right to have counsel present.

. Applicable to termination of parental rights, the statute provides in part:
39.465 Right to Counsel; guardian ad li-tem.—
(l)(a) At each stage of the proceeding under this part, the court shall advise the parent, guardian, or custodian of his right to have counsel present.

. See section 39.467(2)(c)1., Florida Statutes; White v. Department of H.R.S., 483 So.2d 861 (Fla. 5th DCA 1986); and In re M.D.A., 517 So.2d 711 (Fla. 4th DCA 1987).

. The issue as to the underlying order adjudicating dependency resulting from failure to advise the parent of their right to have counsel per Rule 8.560(a)(1), was not raised or presented in White v. Department of HRS, 483 So.2d 861 (Fla. 5th DCA 1986). One reason might be that Rule 8.560 was added December 28, 1984, effective January 1, 1985 (462 So.2d 399), while the dependency petition in White v. HRS was filed on January 4, 1984 and the children in that case were adjudicated dependent on February 16, 1984. White v. HRS cited A.T.P. v. State, 427 So.2d 355 (Fla. 5th DCA 1983) which was based on due process requirements noted in In the Interest of D.B., 385 So.2d 83 (Fla.1980) and section 39.406, Florida Statutes.

. Paragraph 2 of the order dismissing the petition for permanent termination provides:
... that the clerk is hereby directed to set an arraignment on the initial petition for dependency and this matter shall proceed in accordance with law from that stage forward.

. The order of the successor juvenile judge returning the child to his mother effectually complied with section 39.468(2)(b) which requires that after an adjudicatory hearing on a Petition for Termination of Parental Rights, if the court does not grant the petition, the court should enter an order either placing or continuing the child in foster care or enter an order returning the child to the natural parent.

. Section 39.473(3), Florida Statutes, and Rule 8.840(a) prohibit HRS (or other child placing agencies) from placing the child for adoption while the natural parents are appealing an order permanently terminating their parental rights.

. When a party seeking affirmative judicial relief in a trial court fails in the proof of its petition or complaint the requested relief should be "denied” but then generally in the absence of a pending counterclaim, the judicial labor in the cause being completed, any temporary relief should be terminated, the cause, rather than merely the petition or complaint "dismissed” and the parties sent forth finally "without day" (meaning without a future date being fixed for their required return to court) all in accordance with orderly, proper and time-honored legal practice.