POLEN, Judge.
We affirm the order of the trial court denying appellants’ motion to vacate the final order terminating parental rights. Affir-mance of the order is compelled by concern for the best interest of D.M.W., who apparently has been living with his new adoptive parents for approximately three and one-half years while proceedings continued in the lower court, and pending this appeal.
We write to note our concern with what may have been a violation of the natural father’s (appellant’s) due process rights occasioned by HRS’ failure to give notice to appellant’s attorney when they secured the father’s surrender of his parental rights. The trial court explained the circumstances leading up to the order on appeal:
The child was born on February 7, 1988. He was subsequently adjudicated to be a dependent child due to the fact that he was a cocaine baby and the parents were not able to care for him. The child weighed less than two pounds at birth and was ill when placed with Mr. and Mrs. Hogwood. The child has spent virtually all of his life in foster care. The father who is the Petitioner in this ease, Mr. Menendez, was represented by Anabel Nemrow, Esq. at a review hearing on August 1, 1989, prior to the surrender being executed. Ms. Nem-row had not withdrawn as counsel for Mr. Menendez until sometime subsequent to the filing of the Motions being considered in this Order. A surrender was signed by Mr. Menendez on January 13, 1990. Parental Rights relative to the child were severed by this Court on October 24, 1990.
Mr. Menendez and the Hogwoods (the former foster parents) sought to vacate the surrender by way of motion to vacate the final order terminating parental rights, alleging that Mr. Menendez had been assured the Hogwoods would be given an opportunity to adopt D.M.W. at the time Menendez executed the surrender of parental rights. After hearing, the court found that HRS made no misrepresentations to Mr. Menendez or the former foster parents. This finding of fact should not be disturbed on appeal. The trial court further noted that Mr. Menendez was represented by counsel at the time he executed the Affidavit and Acknowledgment of Surrender, Consent and Waiver of Notice, but chose, for whatever reason, not to have his counsel present. The court found that Mr. Menendez freely and voluntarily executed the document, and gave up notice of any and all future hearings and proceedings concerning the child.
The Supreme Court of Florida has stated that “a constitutional right to counsel necessarily arises where the proceedings can result in permanent loss of paternal custody.” In the Interest of D.B., 385 So.2d 83, 87 (Fla.1980). The surrender, consent and waiver presented to Mr. Menendez amounted to a complete and permanent severing and/or waiver of all parental rights. We are deeply troubled that this was done without any notice to appellant’s attorney in the dependency proceeding, in which HRS was also the petitioner. We recognize the trial court found that Mr. Menendez was represented by counsel at the time he executed the surrender; however, the failure of HRS to notice or *636 contact counsel regarding the surrender, or even to suggest to Mr. Menendez that he seek the benefit of talking to his legal counsel before executing the surrender, resulted in a lack of meaningful assistance of counsel. The fundamental right to counsel in proceedings for termination of parental rights “lacks vitality where counsel is not present at critical stages of the proceedings, or where appointed counsel’s performance otherwise fails to afford the most basic services which should reasonably be expected of competent counsel.” In the Interest of M.R., S.R., and H.R., 565 So.2d 371, 372 (Fla. 1st DCA 1990).
When a child is taken from the arms of its natural parents by a government agency entrusted to serve all parties to the proceedings, that agency must be guided by fairness. HRS may not have violated the letter of the law in circumventing the statutory right to counsel by failing to file the petition for termination of parental rights until after, it secured Mr. Menendez’s permanent surrender of parental rights. Thus, we are constrained to affirm. Nonetheless, we feel HRS violated the spirit of the law. In this case, HRS should have filed the petition for termination of parental rights prior to securing Mr. Menendez’s written surrender in the instant case. Only then would Mr. Menen-dez have been treated fairly, having the benefit of counsel to which he was entitled.
DELL, C.J., concurs.
WALDEN, JAMES H., Senior Judge, concurs in result only.