624 So.2d 792 (1993)
In the Interest of J.B., a minor child.
T.B., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 92-02244.
District Court of Appeal of Florida, Second District.
September 22, 1993.
R. Michael Robinson, St. Petersburg, for appellant.
Frank H. Nagatani, Largo, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, the natural mother of J.B., challenges the final order involuntarily terminating her parental rights to J.B. We reverse.
Appellant argues that her parental rights cannot be terminated because she was not informed of her right to counsel at the dependency proceeding when J.B. was initially adjudicated dependent. At an adjudicatory hearing on a petition for termination of parental rights, it must be proved by clear and convincing evidence that the parent was informed of the right to counsel in the dependency proceeding. § 39.467(3)(c)1, Fla. Stat. (1991). Appellant, as conceded by appellee HRS, was clearly not so informed. Appellant was not represented by an attorney at this proceeding. Even though appellant was represented by counsel at later proceedings involving judicial review of the dependency adjudication, a failure to advise appellant of the right to counsel at the original dependency adjudication proceeding cannot be deemed harmless error since that dependency adjudication was used as a basis of the adjudication of the permanent termination of appellant's parental right. In the Int. of D.B., 385 So.2d 83 (Fla. 1980); Dep't of HRS v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991); White v. *793 Dep't of HRS, 483 So.2d 861 (Fla. 5th DCA 1986) (Cowart, J., concurring).
Because we find it necessary to reverse based on this point, we need not address appellant's other two points. On remand, the custody of J.B., the minor child, shall not by reason of this opinion be changed, but the dependency process leading to any termination of parental rights shall be conducted with due protection given to appellant's right to counsel.
SCHOONOVER and THREADGILL, JJ., concur.