PER CURIAM.
During the initial juvenile dependency hearing in this case, the trial court advised the appellant that she had “... the right to have an attorney, and the right to have an attorney appointed for you if you cannot afford one. If I see your case in that posture I will advise you. Are there any questions?” The trial court’s statement was a misstatement of Rule 8.320(a), Florida Rules of Juvenile Procedure, which clearly defines the duty of the court to advise a parent at each ■stage of a dependency proceeding of the right to have counsel present, appoint counsel upon request for insolvent persons who are entitled to such by law and ascertain whether the right to counsel is understood. Counsel was eventually appointed, but not until matters were heard at the first two hearings.
The adjudication of termination of parental rights is vacated and the matter remanded to the trial court for further proceedings Belflower v. Department of Health and Rehabilitative Services, 578 So.2d 827 (Fla. 5th DCA 1991); White v. Department of Health and Rehabilitative Services, 483 So.2d 861 (Fla. 5th DCA 1986); see also A.T.P. v. State, 427 So.2d 355 (Fla. 5th DCA1983).
REVERSED AND REMANDED.
DAUKSCH, COBB and PETERSON, JJ., concur.