ALTENBERND, Judge.
The parents, S.H. and N.H., appeal an order of dependency. We reverse because the trial court did not obtain a waiver of counsel on the record.
The Department of Health and Rehabilitative Services (HRS) filed a dependency petition for all three children in this family on July 30,1993. The allegations of the petition focused on a recent incident involving physical injury and possible abuse to the youngest child. On August 6, the mother appeared for arraignment pursuant to Florida Rule of Juvenile Procedure 8.315. When advised of her right to counsel, she asked for an opportunity to consult an attorney. Accordingly, the hearing was rescheduled for August 13.
At the rescheduled hearing, both parents attended without counsel. As the trial court began to explain the parents’ right to counsel, the attorney for HRS asked permission to provide some background information. He reminded the court of the previous hearing and described events that apparently occurred off the record. Then he indicated that HRS wanted to place the children with a grandparent, and he believed the mother would accept such an arrangement. HRS had not discussed the matter with the father, who was incarcerated at the time.
HRS’s interruption undoubtedly distracted the trial judge. He immediately began a discussion of consent to the petition and never returned to the issue of counsel. Thus, the trial court never obtained a waiver of counsel on the record from either parent, as required by rule 8.320(b)(2). Moreover, at least concerning the father, the court never determined that his consent to the petition was voluntary and with a full understanding of the possible consequences of the consent as required by rule 8.325(c).
Because we reverse the order on these grounds, we do not need to reach the remaining issues. We note, however, that the order on appeal does not contain the findings described in rule 8.325(e). HRS argues that the findings described in that rule are unnecessary if, at arraignment, the parents enter an oral consent on the record under rule 8.315(a). We have examined section 39.408, Florida Statutes (1993), as well as former rule 8.730, which was amended in 1991. See In re Petition of The Florida Bar to Amend the Florida Rules of Juvenile Procedure, 589 So.2d 818 (Fla.1991) (amending and renumbering rule 8.730 as rules 8.315 and 8.325). Former rule 8.730 required findings of fact in the event of consent. Since 1991, rule 8.325(c) has continued to require findings concerning any voluntary consent to be incorporated into an order “in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based.”
Although the revisions to dependency proceedings in 1991 seem to allow the trial court to reach disposition more directly, we are not inclined to conclude that a parent’s oral consent permits an order of disposition without findings supporting an adjudication. It may *811 well be that the findings can be based on the uncontested allegations of the petition rather than upon evidence, but the rules require findings. This ease may demonstrate the wisdom of such a requirement. The uncontested allegations of the petition may be sufficient to warrant an order of dependency for the infant, but it is a close question whether those allegations are sufficient to warrant a comparable order concerning the two older children.
Reversed and remanded.
DANAHY, A.C.J., and QUINCE, J., concur.