682 So.2d 1142 (1996)
Leslie D. BEVERIDGE, Appellant,
v.
W.M. MARDIS and Margaret M. Mardis, Appellees.
No. 95-00310.
District Court of Appeal of Florida, Second District.
October 11, 1996.
Rehearing Denied November 13, 1996.
*1143 Kurt A. Streyffeler of Kurt A. Streyffeler, P.A., North Fort Myers, for Appellant.
Thomas C. Valentine of Trawick & Valentine, P.A., Sarasota, for Appellees.
FRANK, Acting Chief Judge.
Leslie D. Beveridge, the natural mother of two daughters who have been living with their maternal grandparents, seeks review of an order terminating her parental rights. We are persuaded that the trial court failed to accord Beveridge due process in the dependency proceeding; we reverse and remand for a new hearing.
It is unnecessary to recite all of the facts leading to the termination proceeding. It is enough to say that Beveridge encountered some financial and emotional problems causing her to leave her then infant daughters, aged 1 and 2, with her mother. Differences arose between Beveridge and her mother culminating in the maternal grandparents' petition for termination of Beveridge's parental rights and a petition to adopt the children.
Beveridge, who had been represented by counsel at some stages of this proceeding, appeared without counsel at the dependency hearing. She renewed her request for court-appointed counsel at that time, but the trial judge, after a cursory examination of her financial situation, concluded that she was not entitled to appointed counsel. Beveridge was forced to conduct the hearing pro se. At no time did she waive her right to an attorney; rather, she continued to insist that she wanted an attorney but could not afford one.
The court erred in failing to continue the matter until a more thorough investigation into Beveridge's claims of indigence and inability to secure counsel could have been conducted. The trial court specifically erred in failing to obtain a waiver of counsel as required by rule 8.320(b)(2), Florida Rules of Juvenile Procedure. This failure requires our reversal of the order terminating parental rights and a remand for further proceedings. See In the Interest of S.H., 642 So.2d 809 (Fla. 2d DCA 1994).
Our reversal on the right to counsel issue renders moot the other issues raised by Beveridge. We cannot say, however, that the procedural history leading to the termination of parental rights in this case was without other error, particularly in the failure to conduct the disposition hearing which the court itself had ordered. On remand, the court should vigilantly adhere to all statutory and procedural requirements before taking the drastic final step of terminating Beveridge's parental rights.
Reversed and remanded.
PARKER and FULMER, JJ., concur.