814 So.2d 1142 (2002)
In the Interest of L.N., a child,
A.C.N., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D01-22.
District Court of Appeal of Florida, Second District.
April 10, 2002.
*1143 Shea T. Moxon, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee, Department of Children and Family Services.
No appearance for Appellee, Guardian ad Litem Program.
SILBERMAN, Judge.
A.C.N., the Mother, appeals the trial court's order terminating her parental rights to L.N. She challenges the sufficiency of the evidence supporting termination and also argues that she was denied the effective assistance of counsel because her counsel was not present at the first of four evidentiary hearings. We agree that the Mother was denied the meaningful assistance of counsel and reverse the termination order.
L.N. was born on September 9, 1992, and was taken into custody by the Department of Children and Family Services (the Department) on October 3, 1992. L.N. was adjudicated dependent on October 8, 1993, and was placed into foster care. In May 1995, a Petition for Termination of Parental Rights was filed; however, in October 1996, the Department voluntarily dismissed the petition. The Department gave notice of modification of the goal from termination of parental rights to reunification. In July 1997, the trial court entered an order giving the Mother temporary legal custody of L.N. In June 1998, a Petition for Termination of Parental Rights was filed concerning L.N. and three other children.
A termination hearing was held in June 1999. The trial court terminated the Mother's rights to three of her children but did not terminate her rights to L.N. The trial court found that the Mother had failed to substantially comply with the case plan but allowed her a period of six months to comply with the case plan and to show whether she could put the needs of L.N. before her own needs.
In January 2000, the Department filed a motion to grant the petition for termination of parental rights as to L.N. Evidentiary hearings were held on March 8, 2000, April 14, 2000, June 30, 2000, and October 11, 2000. The Mother's counsel[1] failed to appear for the March 8, 2000, hearing.
On November 8, 2000, the trial court entered the termination order now on appeal. The Mother correctly argues that the trial court erred by conducting the March 8, 2000, hearing in the absence of her counsel.
In proceedings involving the possibility of permanent termination of parental rights to a child, indigent parents are entitled to the appointment of counsel. In the Interest of D.B., 385 So.2d 83, 90-91 (Fla.1980); Fla. R. Juv. P. 8.320(a). The *1144 right to counsel in such cases is a fundamental right under the due process clauses of the Constitution of the United States and the Florida Constitution. In the Interest of D.B., 385 So.2d at 90; In the Interest of R.K., 535 So.2d 312, 313 (Fla. 2d DCA 1988). As stated in J.B. v. Florida Department of Children & Family Services, 768 So.2d 1060, 1068 (Fla.2000), the right to counsel in termination cases "is part of the process designed to ensure that the final result is reliably correct."
In Beveridge v. Mardis, 682 So.2d 1142, 1143 (Fla. 2d DCA 1996), the mother appeared without counsel at the dependency hearing. She asked for court-appointed counsel, but the trial judge concluded that she was not entitled to appointed counsel. Id. Because the mother did not waive her right to counsel and was forced to proceed without representation, the court reversed the order terminating her parental rights. Id.
To fulfill the constitutional requirements, the trial court must inform the parent of the right to counsel; if the parent wishes to waive that right, the trial court must establish that the waiver is knowingly and intelligently made. In the Interest of R.K., 535 So.2d at 314; see also Fla. R. Juv. P. 8.320(b).
Here, the trial court found the Mother indigent and appointed counsel to represent her on several occasions prior to the March 8, 2000, hearing. The record does not reflect that the Mother's indigent status changed or that she knowingly and intelligently waived her right to counsel for the March 8, 2000, hearing. While the Mother appeared for the hearing, as did other parties and their counsel, her counsel did not appear. The Mother stated that her counsel was aware that a hearing had been scheduled, and the trial court attempted, without success, to contact the Mother's counsel.
The trial court decided to conduct the hearing but did not inquire of the Mother concerning her willingness to proceed forward without counsel and whether the Mother knowingly and intelligently waived her right to counsel. Four witnesses, including two expert witnesses, testified, and exhibits were admitted into evidence. When one expert was asked about his evaluation of the Mother, the Mother objected that her counsel was not present. The trial court stated that because counsel was aware of the hearing and there was no information as to why he had not appeared, the hearing would continue forward.
At the end of the hearing, the trial court stated that the Mother's counsel would be permitted to participate at the next hearing if he appeared but "we're not going to rehash what we did today just because [the Mother's counsel] wasn't here. I want everybody to be clear on that." The trial court indicated that the Mother's counsel could recall the witnesses but he would only be permitted to question them on matters not covered at the March 8, 2000, hearing. At the next hearing, the Mother's counsel appeared and advised the trial court that he missed the first hearing because he thought it was scheduled for a different day.
We conclude that by proceeding with an evidentiary hearing in the absence of the Mother's counsel and without determining whether the Mother knowingly and intelligently waived her right to counsel, the trial court committed reversible error and the termination order must be reversed. The procedure followed by the trial court failed to satisfy the due process requirement that meaningful assistance of counsel be provided to the Mother. See In the Interest of M.R., 565 So.2d 371, 372 (Fla. *1145 1st DCA 1990); Beveridge, 682 So.2d at 1143.
Although the Department argues that the absence of the Mother's counsel was harmless error, we cannot agree. Because the order of termination resulted from all of the evidence presented to the trial court, including at the hearing when the Mother's counsel had been absent and the Mother had not waived her right to counsel, we conclude that the Mother was prejudiced by counsel's absence and that reversal is required. See In the Interest of M.D.A., 517 So.2d 711, 712 (Fla. 4th DCA 1987).
We therefore reverse the order of termination and remand for a new evidentiary hearing.
Reversed and remanded.
BLUE, C.J., and ALTENBERND, J., Concur.
NOTES
[1] The Mother is represented by different counsel in this appeal.