6 So.3d 115 (2009)
In the Interest of C.S., a child.
M.D., Appellant,
v.
Department of Children and Family Services, and Guardian Ad Litem Program, Appellees.
No. 2D08-2661.
District Court of Appeal of Florida, Second District.
April 15, 2009.
Lorena L. Kiely, Plant City, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kelley R. Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children & Family Services.
Ama N. Appiah, Orlando, for Appellee Guardian ad Litem Program.
LaROSE, Judge.
M.D., the mother, appeals an order terminating her parental rights. The Department of Children and Family Services and the Guardian Ad Litem Program concede error. We reverse because the trial court failed to (1) appoint counsel for an extended period of time when termination was at issue and (2) advise M.D. of her right to counsel or to obtain a record waiver of counsel. See, e.g., J.C.-J. v. Dep't of Children & Family Servs., 987 So.2d 828, 829 (Fla. 2d DCA 2008) (discussing due process right to counsel at all appropriate stages in termination of parental rights proceedings and citing sections 39.013(1), 39.402(5)(b)(2), and 39.807(1)(a), Florida Statutes (2005), requiring trial court to inform parents of their right to counsel and to appoint counsel for parents who are unable to afford counsel); T.H. v. Dep't of Children & Family Servs., 979 So.2d 1075, 1085 (Fla. 2d DCA 2008) (explaining that in proceedings involving the possibility of permanent termination of parental rights, the right to counsel is fundamental under our federal and state constitutions); A.C.N. v. Dep't of Children & Family Servs., 814 So.2d 1142, 1143-44 (Fla. 2d DCA 2002) (same; explaining also that to fulfill the constitutional requirements, the trial court must inform the parent of the right to counsel and, if the parent wishes *116 to waive the right, the trial court must establish that the waiver is knowingly and intelligently made); Beveridge v. Mardis, 682 So.2d 1142 (Fla. 2d DCA 1996) (reversing due to failure of trial court to obtain a waiver of counsel in parental rights termination case as required by Florida Rule of Juvenile Procedure 8.320(b)); S.H. v. Dep't of Health & Rehabilitative Servs., 642 So.2d 809, 810 (Fla. 2d DCA 1994) (same).
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., Concur.