NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of T.J.T., a child.

E.U.,

        Appellant,

v.

DEPARTMENT OF CHILDREN and
FAMILIES and GUARDIAN AD LITEM
PROGRAM,

        Appellees.

Case No. 2D18-1637

Opinion filed November 7, 2018.

Appeal from the Circuit Court for
Hillsborough County; Emily A. Peacock,
Judge.

Charalampos G. Demosthenous of The
Demosthenous Law Firm, Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Mary Soorus,
Assistant Attorney General, Tampa,
for Appellee, Department of Children
and Families.

PER CURIAM.

Appellant E.U. (the Mother) appeals the trial court order terminating her parental rights to T.J.T. We reverse the final termination judgment, including the entry of the consent by nonappearance, because the Mother was denied the effective assistance of counsel. The record reflects that the general magistrate declined to rule on the Mother's request for counsel at a judicial review and that the Department of Children and Families misrepresented the nature of the Mother's request for counsel at a subsequent status conference. This unnecessary delay in the appointment of counsel resulted in the trial court entering the Mother's consent by nonappearance while the request for counsel remained pending.[1] Furthermore, after counsel was appointed, counsel failed to appear at the manifest best interests hearing. See In re D.B., 385 So. 2d 83 (Fla. 1980); M.M. v. K.P., 228 So. 3d 718 (Fla. 2d DCA 2017); A.C.N. v. Dep't of Children & Family Servs., 814 So. 2d 1142 (Fla. 2d DCA 2002); In re M.D.A., 517 So. 2d 711 (Fla. 4th DCA 1987). The cause is therefore remanded for further proceedings.

Reversed and remanded.


CASANUEVA, SLEET, and LUCAS, JJ., Concur.

---

[1]While we recognize that trial courts are required by statute to enter a consent when a parent fails to appear for an advisory hearing, see § 39.801(3)(d), Fla. Stat. (2017), we note that the best practice would be to resolve a pending request for counsel prior to entering a consent by nonappearance.