578 So.2d 827 (1991)
Sharon BELFLOWER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-56.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
Cathleen B. Clarke, Indialantic, and Gayle Dauscher Clark, Melbourne, for appellant.
*828 Timothy A. Straus, of Moyer & Straus, Longwood, for appellee.

ON MOTION FOR CLARIFICATION
SHARP, W., Judge.
Appellee, Department of Health and Rehabilitative Services, moves for clarification of our opinion in this case and because of the complexity of the applicable statutes, we grant the motion and reissue our opinion as follows.
The appellant, Sharon Belflower, has appealed the final order terminating her parental rights. She argues, inter alia, that she was not advised of her right to counsel at the dependency hearing that served as a predicate to the termination hearing as required by section 39.467(2)(c)(1), Florida Statutes (1989). Although the termination order generally recites compliance with the Florida Rules of Juvenile Procedure, the appellate record affords no support for a finding that Sharon Belflower was advised of her right to counsel at the dependency proceeding. We afforded the Department of Health and Rehabilitative Services the opportunity to supplement the record in this case to establish compliance with the aforesaid statutory requirement, and it was unable to supply such a record.
In 1987 the Florida Juvenile Justice Act was substantially rewritten and the grounds for permanent termination of parental rights amended. Under the current statute, in order to terminate parental rights, the court must find that certain specified facts or "elements" were proven at the termination proceeding by clear and convincing evidence. § 39.467(2), Fla. Stat. (1989). One of the "elements" is that the parent was informed of his or her right to counsel in the dependency proceeding. § 39.467(2)(c)1, Fla. Stat. (1989).[1] Only if all of the required "elements" are present is the court authorized to terminate parental rights.
In this case, the trial court erred by granting termination of Belflower's parental rights. It should have denied the petition once it became clear that proof of one of the statutory elements required to terminate parental rights was missing. In such a case, even though new evidence (independent of that presented at the uncounseled dependency proceeding) is established at the termination hearing, the legislative directive requires a denial of HRS's petition to sever parental rights.[2]
But once a petition to terminate parental rights is denied, that does not return the matter to square one. Pursuant to section 39.468(2), Florida Statutes (1989),[3] the court should decide whether to continue the child in foster care or to return the child to Belflower with or without protective supervision. In either event, the statute also requires that the court's adjudication be supported by a brief finding of facts, justifying its election. Primary and essential at all stages of such a proceeding must be a consideration of the best interest of the child. Does the child under these circumstances still require further supervision or foster care or can the child safely be returned to its parent?
The original dependency adjudication in this case, although flawed by failure to advise Belflower of rights to counsel, is not *829 void ab initio. The adjudication of dependency was appealable, and should have been challenged by direct appeal within thirty days. § 39.413, Fla. Stat. (1989). See In the Interest of D.M.S., 528 So.2d 505 (Fla.2d DCA 1988). Failure to do so leaves the adjudication of dependency standing, although defective as a basis for termination of parental rights.
The dependency provisions of chapter 39 do not contain any parallel provisions like sections 39.467(2)(c)(1) and 39.468(2) which deal with termination of parental rights. True, the juvenile rules provide that parents should be advised of their right to counsel at "each stage" of the proceedings, Florida Rule of Juvenile Procedure 8.560(a)(1), but that is a far cry from making void all proceedings where such a rule is not adhered to. Further, there is no "fundamental" or constitutional right to counsel at the dependency stage. In Interest of C.L.C., 440 So.2d 647 (Fla. 5th DCA 1983); Fredrick v. State, Department of Health and Rehabilitative Services, 523 So.2d 1164 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla. 1988).
In White v. Department of Health and Rehabilitative Services, 483 So.2d 861 (Fla. 5th DCA 1986), this court held that failure to advise a parent of the right to counsel at the dependency stage when the dependency findings and evidence were used as a basis to adjudicate termination of parental rights required reversal of the termination order. But in that case, we did not also hold that the underlying dependency adjudication was void ab initio because of the failure to advise of the right to counsel. We left the dependency determination intact and operative.
Accordingly, we reverse the order terminating parental rights, and we remand for further proceedings consistent with this opinion. Upon remand if HRS wishes to pursue a termination or if the trial court determines that Belflower has a constitutional right to counsel because: (1) the proceedings could result in permanent loss of parental custody, In the Interest of D.B., 385 So.2d 83 (Fla. 1980), or (2) Belflower is now entitled to counsel under the case-by-case analysis of Potvin v. Keller, 313 So.2d 703 (Fla. 1975),[4] the court must set aside the dependency adjudication and proceed with a new arraignment.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Section 39.467(2)(c)1 states:

2. The child was adjudicated dependent pursuant to 39.409; and
* * * * * *
(c)1. The parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure.
[2] Compare Fredrick v. State, Department of Health and Rehabilitative Services, 523 So.2d 1164 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla. 1988), (decided under the 1985 Juvenile Justice Act, which was prior to the amendment requiring proof that a parent was advised of his or her right to counsel in the dependency proceeding in accordance with the Rules of Juvenile Procedure).
[3] Section 39.468(2) provides:

If the court finds that all of the elements of s. 39.467(2) have not been met the court shall: (a) Enter an order placing or continuing the child in foster care under a performance agreement or permanent placement plan; or (b) Enter an order returning the child to the natural parent or parents with or without protective supervision and other required services or program participation by the parent.
[4] In Potvin, the Florida Supreme Court held that the right to counsel in juvenile dependency proceedings is to be determined by the relevant circumstances in each case and that criteria for offering counsel would include at least:

1. The potential length of parent-child separation.
2. The degree of parental restrictions on visitation.
3. The presence or absence of parental consent.
4. The presence or absence of disputed facts.
5. The complexity of the proceeding in terms of witnesses and documents.