PER CURIAM.
Appellant, on this appeal, challenges the termination of his parental rights over J.R.R., III, his son. We affirm.
The minor child at issue in this case was adjudicated dependent in December 1987, after he was voluntarily placed in foster care by his mother, who is not a party to this appeal and who had also sought shelter from the Department of Health and Rehabilitative Services for herself. The order of adjudication of dependency recites that after the mother voluntarily removed herself from the shelter, and after a very unstable reconciliation of the parents, the parents were unable to provide for the child. The lower court concluded in the order terminating parental rights,[1] based upon what it found to be clear and convincing evidence, that the minor child continued to be in a state of dependency caused by the neglect of the appellant. The court based this conclusion upon facts set forth in detail in its lengthy order, which included findings that during the nearly four years the child has been a dependent of the state, the father has demonstrated a pattern of neglect by failing to remain in contact with the child; failing to demonstrate any genuine concern for the long-term welfare of the child; failing to make sufficient efforts to secure stable employment and housing; and failing to care for the child properly while the child had been in his custody for visits. The court further found, from testimony detailing the longstanding nature of the problems and the testimony of Dr. Bilak, who performed a psychological evaluation of appellant, that “there is no reasonable expectation that the pattern of neglect will be corrected in the future.” While the court acknowledged that the father’s neglect “is partially a result of his limited education and social skills,” the court nevertheless found also “that a lack of motivation on the part of the father played a significant role in the pattern of neglect.”
*305 The lower court’s “determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing.” In Interest of D.J.S. and J.S.G., 563 So.2d 655, 662 (Fla. 1st DCA 1990). After a careful study of the record and authorities cited, and after receiving the benefit of argument by counsel on behalf of the parties,[2] we are unable to say that “no one could reasonably find the evidence to be clear and convincing.” Id. Accordingly, we AFFIRM.[3]
SMITH, NIMMONS and MINER, JJ., concur.

. The parental rights of the mother were terminated following the execution by the mother of a waiver of parental rights. In the order of adjudication dated September 17, 1990, the trial court made extensive findings with respect to neglect by the father, and the father's parental rights were terminated after a subsequent hearing, by order of disposition dated October 8, 1990.

. Appellant was ably represented below and on appeal by counsel appointed by the court.

. At the final hearing below, and during argument before this court, appellant conceded that it would not be in the best interest of the child to have him returned to appellant at this time. Instead, appellant seeks to prolong the already extended period of foster care. We note that it is the intent of Florida law that no child should remain in foster care longer than one year. Section 39.45(2), Florida Statutes (1989).