584 So.2d 651 (1991)
IN the INTEREST OF N.S., J.S., J.L.B. and J.J.S.
No. 90-3057.
District Court of Appeal of Florida, First District.
August 16, 1991.
Rehearing Denied September 30, 1991.
Reese A. Waters, Jr., Jacksonville, for appellant mother.
Connie R. Clay, Asst. Dist. Legal Counsel, HRS, Jacksonville, for appellee HRS.
Thomas E. Duffy, Jr., Jacksonville, for appellee guardian ad litem.
JOANOS, Chief Judge.
This is an appeal from an order of the trial court terminating parental rights. We affirm.
The mother of the children herein is incarcerated in Missouri for the murder of the father of three of those children. At the time of her December 1983 arrest in Jacksonville, Florida, the children were placed, at her request, in the custody of a Jacksonville couple. In February 1986, the Department of Health and Rehabilitative Services removed the children from these custodians based on evidence of abuse and neglect. In April 1986, the children were adjudicated dependent based on the custodians' conduct, in which the mother was not implicated. The children spent the next 5 1/2 years in various foster care and juvenile homes, culminating in the order of permanent termination of parental rights herein appealed.
The mother raises several issues on appeal, only one of which merits discussion, i.e., the failure of the trial court to appoint counsel for her in the April 1986 dependency proceeding. There was clearly no constitutional right to counsel at that proceeding, in that neither permanent termination of parental rights, nor criminal charges against the mother, were at issue. In Interest of D.B. and D.S., 385 So.2d 83, 91 (Fla. 1980). However, in Belflower v. HRS, 578 So.2d 827 (Fla. 5th DCA 1991), the court reversed an order terminating parental rights based on a failure to advise the mother of her right to counsel at the prior dependency proceeding.
In Belflower, the evidence and findings adduced at the dependency proceeding were eventually used to adjudicate the termination of parental rights. In this case, the April 1986 dependency proceeding did not involve allegations against the mother, but rather against the appointed custodians. Further, the findings and evidence adduced in that proceeding were not used to adjudicate the eventual termination of parental rights. Therefore, we find that the Belflower rationale does not apply, and the trial court did not err in failing to *652 appoint counsel for the mother in the April 1986 dependency proceeding.
Affirmed.
BARFIELD, J., and WENTWORTH, Senior Judge, concur.