ON MOTION FOR REHEARING EN BANC
W. SHARP, Judge.
Appellant, Department of Health and Rehabilitative Services, State of Florida, moves for a rehearing en banc, contending that our opinion in these two consolidated cases is inconsistent with Belflower v. Department of Health and Rehabilitative Services, 578 So.2d 827 (Fla. 5th DCA 1991), which was released on the same day. Because a majority of the judges on this *603 court agree the two decisions are in conflict, we grant appellant’s motion for en banc rehearing. We withdraw our prior opinion and issue the following one in its place.
This proceeding began on January 28, 1988, when HRS filed a petition for dependency with regard to A.P.Z., a two-year old boy, on grounds of neglect.[1] At the arraignment in the dependency proceeding, the mother admitted dependency but was never advised by the court of her right to counsel as required by Florida Rule of Juvenile Procedure 8.560. On May 10, 1988, an amended order adjudicating the child dependent was entered. It was not appealed.
Subsequently, a permanent placement plan was filed. In the hearing, in bold type, appears the following: “You should go to the hearing to protect your rights. You can bring a lawyer. If you cannot afford a lawyer, you can ask the court to appoint you a lawyer.” Several judicial review social study reports were provided to the mother over time. All included written notice of the right to counsel and the right to have counsel appointed.
On October 13, 1989, counsel was appointed to represent the child’s mother and she appeared at a judicial review hearing held December 1, 1989 with her court-appointed counsel. On January 30, 1990, HRS filed a petition for termination of parental rights as to A.P.Z., and shortly thereafter counsel was reappointed for the mother in the termination proceeding.[2]
A hearing on the petition for termination of parental rights was held on April 20, 1990. The mother was represented by counsel who stipulated, for jurisdictional purposes only, that the child had been adjudicated dependent and a disposition order entered. HRS presented the testimony of several employees as well as A.P.Z.’s present foster mother. After HRS rested, counsel for the mother made a motion for a “judgment denying the petition” which the court construed as a motion to dismiss.
Counsel argued there was no evidence that the mother had been advised of her right to counsel at the dependency hearing and therefore the termination proceeding was fatally defective. The trial court took the matter under advisement and ordered a transcript of the dependency arraignment which established that the mother had not been advised of her right to counsel in accordance with the juvenile rules. Accordingly, on that basis alone, the trial court dismissed the petition for termination of parental rights. In addition, the order directed the clerk to set an arraignment on the original petition for dependency. HRS timely appealed from the dismissal of its termination petition.[3]
One month after HRS appealed in the termination proceeding, appellee-mother filed a motion to return the child to her custody. Apparently under the impression that the juvenile court no longer had jurisdiction over the child because the prior dependency adjudication had been flawed by failure to advise appellee and provide her an attorney at that stage, the successor trial judge granted the appellee’s motion. However, it signaled its distress on this point by incorporating in its order “[t]his ruling is not predicated on a determination of the best interests of the child.” HRS timely filed a petition for certiorari review of this order.[4] We consolidated both cases before us.
In sum, we agree that the petition for termination of parental rights should have been denied (or dismissed). However, the appellee’s motion to return the child to her should also have been denied without following the procedure outlined in section 39.468(2), Florida Statutes (1987).
In 1987 the Florida Juvenile Justice Act was substantially rewritten and the grounds for permanent termination of parental rights amended. Under the current *604 statute, in order to terminate parental rights, the court must find that certain specified facts or “elements” have been proven at the termination proceeding by clear and convincing evidence. § 39.467(2), Fla.Stat. (1989). One of the “elements” is that the parent was informed of his or her right to counsel in the dependency proceeding. § 39.467(2)(c)1, Fla.Stat. (1989).[5] Only if all of the required “elements” are present is the court authorized to terminate parental rights.
If all of the elements have not been established, the statute specifically provides that the court should either enter an order placing or continuing the child in foster care under a performance agreement or permanent placement plan or enter an order returning the child to the natural parents with or without protective supervision and other required services or program participation by the parent. § 39.-468(2), Fla.Stat. (1989).[6] The court is also required to enter an order of adjudication briefly stating the facts upon which its finding is made.
In this case, the trial court correctly dismissed (or denied) the petition to terminate parental rights. The petition to terminate had to be denied once it became clear that one of the statutory elements required to.terminate parental rights was missing.[7] Even though new evidence of neglect (independent of the uncounseled dependency proceeding) was presented at the termination hearing, the legislative directive justified a denial of HRS’s petition to sever parental rights.
But once a petition to terminate parental rights is denied, that does not return the matter to square one. Pursuant to section 39.468(2), Florida Statutes (1987), the court had to decide whether to enter an order continuing the child in foster care or returning the child to the natural mother with or without protective supervision. Whether a decision is made to retain custody with HRS or place the child with the mother, the statute requires that the court’s adjudication be supported by a brief finding of facts, justifying its election. Primary and essential at all stages of such a proceeding must be a consideration of the best interest of the child. Does the child under these circumstances still require further supervision or foster care or can the child safely be returned to its parent?
The original trial court did neither. It essentially left the child in foster care. It directed the clerk to set an arraignment date on the initial petition for dependency, so that counsel could be appointed and the statutory conditions to terminate parental rights could be met in a later proceeding.
The successor juvenile judge’s order returning the child to his parent was also flawed by its failure to make the findings required by section 39.468(2) and by its conclusion that the original dependency adjudication was void ab initio. The adjudication of dependency was appealable, and should have been challenged by direct appeal within thirty days. § 39.413, Fla.Stat. (1989). See In the Interest of D.M.S., 528 So.2d 505 (Fla. 2d DCA 1988). Failure to do so leaves the adjudication of dependency standing, although defective as a basis for termination of parental rights. To allow a *605 collateral attack on the dependency adjudication at this juncture is the source of mischief in this case.
The dependency provisions of chapter 39 do not contain any parallel provisions like sections 39.467(2)(c)(1) and 39.468(2) which deal with termination of parental rights. True, the juvenile rules provide that parents should be advised of their right to counsel at “each stage” of the proceedings, but that is a far cry from making void all proceedings where such a rule is not adhered to. Further, there is no “fundamental” or constitutional right to counsel at the dependency stage. In Interest of C.L.C., 440 So.2d 647 (Fla. 5th DCA 1983); Fredrick v. State, Department of Health and Rehabilitative Services, 523 So.2d 1164 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla.1988).
In White v. Department of Health and Rehabilitative Services, 483 So.2d 861 (Fla. 5th DCA 1986), this court held that failure to advise a parent of the right to counsel at the dependency stage when the dependency findings and evidence was used as a basis to adjudicate termination of parental rights justified a reversal of the termination order. But in that case, we did not also hold that the underlying dependency adjudication was void ab initio because of the failure to advise of the right to counsel. We left the dependency determination intact and operative. That is what we should do in this case.
Accordingly, we affirm the trial court [Case No. 90-1351], but we quash the order returning the child to appellee [Case No. 90-1968]. We remand this cause to the trial court for entry of an order, pursuant to section 39.468(2), after an appropriate hearing.
AFFIRMED as to Case No. 90-1351; order QUASHED as to Case No. 90-1968; REMANDED for further proceedings.
DAUKSCH, COBB, HARRIS, PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.
COWART, J., dissents with opinion in which GOSHORN, C.J., concurs.

. The minor’s father is deceased and a half-brother has been placed with his natural father and is not a subject of the proceedings.

. § 39.465(1), Fla.Stat. (1987).

.Case No. 90-1351.

.Case No. 90-1968.

. Section 39.467(2)(c)l states:
2. The child was adjudicated dependent pursuant to 39.409; and
******
(c)l. The parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure.

. Section 39.468(2) provides:
If the court finds that all of the elements of s. 39.467(2) have not been met the court shall:
(a) Enter an order placing or continuing the child in foster care under a performance agreement or permanent placement plan; or
(b) Enter an order returning the child to the natural parent or parents with or without protective supervision and other required services or program participation by the parent.

.HRS's reliance on Fredrick v. State, Department of Health and Rehabilitative Services, 523 So.2d 1164 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla.1988), is misplaced since Fredrick was decided based on the 1985 Juvenile Justice Act, which was prior to the amendment requiring proof that a parent was advised of his or her right to counsel in the dependency proceeding in accordance with the Rules of Juvenile Procedure.