ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our opinion and substitute the following in its place.
A mother appeals an order terminating her parental rights to her son. The trial court found both that she had failed to comply substantially with a second performance agreement and that she had abandoned her child by not visiting or having any contact with the child for an eight month period while under the performance agreement. We find there was sufficient *1162 evidence in the record to support the trial court’s determination, which is the test for our review. See Morrison v. Smith, 257 So.2d 623 (Fla. 2d DCA 1972).
The mother claimed that she had completed most of the requirements of the first performance agreement within the required time frames. The first agreement was not substantially complied with, however, because the mother quit her job even though required to maintain steady employment under the terms of the agreement. Because the mother had not substantially complied with the first agreement, we find T.S. v. Dep’t. of H.R.S., 464 So.2d 677 (Fla. 5th DCA 1985) to be inapposite. With regard to the second performance agreement, the mother failed to provide HRS with any information whatsoever to indicate that she had completed the required tasks until after the petition for termination was filed, five months after the expiration of the second performance agreement. Nor did the mother make any contact with her child until she was notified of the petition to terminate her rights, although the performance agreements provided for monthly visitation.
Finally, we reject the mother’s procedural due process argument finding that, even if her argument regarding sufficiency of the petition is valid, a point we do not decide, the mother waived any defect in the petition by failing to object to the introduction of evidence on the issue of abandonment, failing to object to the Department’s closing argument on abandonment, and failing to raise the issue in her motion for rehearing below.
The trial judge wrote in his order:
The purpose of the Juvenile Justice Act is to preserve and strengthen a child’s family ties whenever possible and when necessary to remove children for placement in an environment free of abuse, abandonment or neglect. ‘The severance of parent-child relationship is an extreme and harsh judicial act and it should not be done unless the trial judge is convinced that the statutory basis for this remedy had been clearly established.’ In Re: Adoption of Braithwaith [Braith-waite], 409 So.2d 1178 (Fla. 5th DCA 1982). The Court has thought long and hard over its decision and despite the mother’s request for another chance, the Court is clearly convinced that the manifest best interest of the child is to be placed for adoption.
On this record, we cannot disagree.
Affirmed.
STONE and WARNER, JJ„ and ROSS, DALE, Associate Judge, concur.