PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals a final order denying a petition for adjudication of dependency and a petition for termination of parental rights.
In May, 1989, HRS filed three dependency petitions, one for each of Appellee’s children. The father voluntarily turned custody of the children over to HRS, and admitted the allegations in the dependency petitions. The mother, Appellee, could not be found at the time, and was not properly notified of the dependency hearing or of her right to counsel. HRS concedes that the resulting dependency adjudication was defective.
Sometime later, HRS discovered Appellee residing in Virginia. A performance agreement was negotiated in 1989. When Appel-lee did not comply with that agreement, a second performance agreement was entered. Appellee did not comply with the second agreement, and petitions for termination of parental rights were filed in November, 1991.
HRS then discovered that Appellee had not been informed of her right to counsel prior to the initial dependency adjudication. The petitions for dependency and the petitions for termination of parental rights were then amended on two additional occasions, and Appellee was afforded counsel.
On April 21, 1993, the circuit court conducted an adjudicatory hearing on HRS’ dependency petitions. The court did not address HRS’ petitions for termination of parental rights at this time, with the consent of HRS. After hearing the evidence, the court granted Appellee’s ore terms motion to dismiss the dependency petition, finding that HRS had not established that the children were abandoned by the mother prior to the filing of the initial dependency petition. The court did not consider any evidence offered after the children were placed into custody of HRS.
Limiting the evidence in the dependency hearing to the time period prior to the children’s placement fin HRS custody was error. Belflower v. Dept. of Health and Rehab. Serv., 578 So.2d 827 (Fla. 5th DCA 1991); Dept. of Health and Rehab. Serv. v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991).
In Belflower, the- parent challenged the termination of parental rights, arguing that she was not advised of her right to counsel at the dependency hearing. The Fifth District held:
Under the current statute, in order to terminate parental rights, the court must find that ... the parent was informed of his or her right to counsel in the dependency proceeding. § 39.467(2)(c), Fla. Stat. (1989).
[[Image here]]
The original dependency adjudication in this case, although flawed by failure to advise Belflower of rights to counsel, is not void ab initio. The adjudication of dependency was appealable.... Failure to do so leaves the adjudication of dependency standing, although defective as a basis for termination of parental rights.
[[Image here]]
*17 True, the juvenile rules provide that parents should be advised of their right to counsel at “each stage” of the proceedings, Florida Rule of Juvenile Procedure 8.560(a)(1) [now 8.320(a)(1) ], but that is a far cry from making void all proceedings where such a rule is not adhered to. Further, there is no “fundamental” or constitutional right to counsel at the dependency stage.
Id. at 828-29. The termination order in Bel-flower was thereafter reversed, and the case remanded for further proceedings. The court noted that if HRS wished to pursue a termination, the trial court must then set aside the original dependency adjudication. Id.
In Zeigler, the Fifth District, in keeping with Belflower, sustained the trial court’s dismissal of a petition for termination of parental rights following a defective dependency adjudication. Id. However, the order returning the child to her mother was quashed. The court held that if parental rights cannot be terminated because all the elements of section 89.467(3) are not satisfied, section 39.468 requires that the court either enter an order continuing the child in foster care under a performance agreement or permanent placement plan, or enter an order returning the child to the natural parents with or without protective supervision. Id.; 39.468(2), Fla.Stat. (1989). The court held:
Whether a decision is made to retain custody with HRS or place the child with the mother, the statute requires that the court’s adjudication be supported by a brief finding of facts, justifying its election. Primary and essential at all stages of such a proceeding must be a consideration of the best interest of the child. Does the child under these circumstances still require further supervision or foster care or can the child safely be returned to its parent?
[[Image here]]
The ... juvenile judge’s order returning the child to his parent was also flawed by its failure to make the findings required by section 39.468(2) and by its conclusion that the original dependency adjudication was void ab initio.
Id. at 604-05.
By excluding evidence of Appellee’s actions subsequent to the children’s placement in HRS custody, the trial court, in effect, improperly excluded evidence pertinent to the best interests of the children. Appellee’s subsequent actions could have been considered evidence of “continuing abandonment and neglect” under Florida Rule of Juvenile Procedure 8.310. Under this rule, a dependency petition may be amended at any time prior to the conclusion of an adjudicatory hearing, and may be “freely permitted in the interest of justice and the welfare of the child.” Id.
It is potentially hazardous to a child’s welfare to simply ignore the action or inaction of parents following a defective dependency adjudication. The trial court’s ruling had the effect of voiding and/or nullifying the first dependency adjudication, a result condemned in Belflower, Zeigler, and cases which followed. See, e.g., In the Interest of D.P., 595 So.2d 62 (Fla. 1st DCA 1992); In the Interest of J.B., 624 So.2d 792 (Fla. 2d DCA 1993).
Common sense and the law as implied in the cases cited above, mandate that all relevant evidence be considered before children are returned to their natural parents. Children should not be placed in a potentially dangerous environment today, simply because their dependency adjudication four years earlier was defective. While parental rights may not be terminated based upon defective dependency proceedings, a child’s right to a safe and healthy environment should not be put at risk for the same reason.
We therefore reverse the order of dismissal, and remand for reconsideration on all the evidence.
We also reject the contention that the facts cannot support a conclusion of abandonment and neglect. On remand, the court shall consider all relevant evidence, and decide whether less than marginal efforts were made by Appellee to satisfy her parental responsibilities. See In the Interest of AM., 614 So.2d 1161 (Fla. 4th DCA 1993); J.R.R. v. Dept. of Health and Rehab. Serv., 580 *18 So.2d 304 (Fla. 1st DCA 1991); Lett v. Dept. of Health & Rehab. Serv., 547 So.2d 328 (Fla. 5th DCA 1989); In the Interest ofR.V.F., 437 So.2d 713 (Fla. 2d DCA 1983); In the Interest of C.M.H., 413 So.2d 418 (Fla. 1st DCA 1982); § 39.01(1), (37), Fla.Stat. (1993).
DELL, C.J., and HERSEY and STONE, JJ., concur.