SCHWARTZ, Chief Judge.
After denying petitions to terminate the appellants’ parental rights to their previously-declared-dependent minor children, the trial court exercised the option, upon carefully considered and stated findings, to “continue] the child[ren] in foster care under a ... permanent placement plan,” § 39.-468(2)(a), Fla.Stat. (1993), rather than, as the parents now demand, ordering a performance agreement with a goal of reunification. We find no error or abuse of discretion in this determination, which is expressly contemplated by the statute,[1] and which was plainly entered, as required, in the best interests of the children. See Belflower v. *474 Department of Health & Rehabilitative Servs., 578 So.2d 827 (Fla. 5th DCA 1991).
Affirmed.

. Section 39.468 provides in its entirety:
39.468 Orders of adjudication.—
(1) If the court finds that all of the elements of s. 39.467(3) have been met, the court shall enter a written order to that effect and shall thereafter have full authority under this chapter to provide for the child who is the subject of the adjudication for termination of parental rights.
(2) If the court finds that all of the elements of s. 39.467(3) have not been met, the court shall:
(a) Enter an order placing or continuing the child in foster care under a performance agreement or permanent placement plan; or
(b) Enter an order returning the child to the natural parent or parents with or without protective supervision and other required services or program participation by the parent.
(3)The court shall enter an order of adjudication briefly stating the facts upon which its finding is made.