644 So.2d 169 (1994)
In re GUARDIANSHIP OF A.P., J.P. & M.P.
No. 94-1542.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
*170 Darcus Hodge, Fort Pierce, for petitioner-Natural Father.
No response required for respondent.
PER CURIAM.
This appeal is treated as a petition for writ of certiorari and denied. Certiorari will not lie if there is no written rendered order. Jerue Truck Brokers, Inc. v. Gator Produce Sales, Inc., 466 So.2d 23 (Fla. 2d DCA 1985). Petitioner's failure to provide this court with a written order denying his request for appointment of counsel is a sufficient basis for denial of the petition.
Furthermore, petitioner has failed to demonstrate that the denial of the request for appointed counsel is a departure from the essential requirements of law. Indigent parents only have a constitutional right to appointment of counsel in dependency hearings which may result in a permanent severance of their parental rights. In the Interest of D.B., 385 So.2d 83 (Fla. 1980). There is no such fundamental or constitutional right to counsel at the dependency stage. Department of Health and Rehab. Serv. v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991); Belflower v. Dept. of Health and Rehab. Serv., 578 So.2d 827 (Fla. 5th DCA 1991), quoted in In the Interest of A.L.O., 637 So.2d 15 (Fla. 4th DCA 1994).
STONE, WARNER and FARMER, JJ., concur.