PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals an order dismissing its petition to terminate the ap-pellees’ parental rights. We reverse and remand the case to the trial court for consideration of the merits of the termination petition.
HRS filed a dependency petition alleging that the parents failed to protect the children or provide adequate supervision, food, cloth- *1148 mg and medical treatment. The parents stipulated to dependency, but denied the allegations in the petition. In a consolidated order of adjudieation/disposition, the trial court noted that the parents were represented by counsel, that they stipulated to dependency, but that they denied the allegations in the petition. The consolidated order did not provide details concerning the factual basis for dependency, other than to note the parents’ stipulation.
HRS subsequently filed a petition for termination of parental rights alleging severe or continuing abuse or neglect, and abuse, neglect or abandonment for at least six months after approval of a performance agreement. After hearing extensive testimony on the petition, the trial court entered the instant order of dismissal. In short, the trial court concluded that the consolidated order in the dependency proceeding could not be used as a basis for termination because the order failed to recite a factual basis for dependency. We disagree.
The trial court correctly determined that the consolidated order was flawed for failing to incorporate findings of fact. Indeed, we have required that dependency orders set forth findings of fact even where the parents stipulate to dependency. See S.D. v. Dep’t of HRS, 644 So.2d 607 (Fla. 1st DCA 1994); D.S. v. Dep’t of HRS, 642 So.2d 628 (Fla. 1st DCA 1994). It was erroneous, however, to further conclude that such a flaw rendered the consolidated order unsuitable for making the termination findings required by section 39.467(3), Florida Statutes (1993).
Section 39.467(3)(a)-(e) sets out five items which must be established by clear and convincing evidence before there can be an adjudication that parental rights should be terminated. The following three items are relevant to our discussion:
(3) The determination of the court regard- . mg termination of parental rights shall be based upon its finding that the following is proven by clear and convincing evidence:
(a) The child was adjudicated dependent pursuant to s. 39.409; and
(b)l. A disposition order was entered pursuant to s. 39.41;
.... and
(c)l. The parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure;
The cases relied upon by the trial court in support of dismissal involve obvious failures on item (c)l. Thus, in Belflower v. Dep’t of HRS, 578 So.2d 827 (Fla. 5th DCA 1991), and In the Interest of D.P., 595 So.2d 62 (Fla. 1st DCA 1991), terminations of parental rights were reversed where the parents were not informed of their right to counsel in the dependency proceedings. See also Dep’t of HRS v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991) (termination petition was properly dismissed where mother was not advised of her right to counsel in the earlier dependency proceeding).
The trial court did not cite, and we have not found, any case requiring the dismissal of a termination petition based upon the technical insufficiency of a dependency order to set forth findings of fact. Moreover, our interpretation of the relevant portions of § 39.467(3) compels no such holding. Concerning item (a), it is clear that the children were “adjudicated dependent pursuant to s. 39.409.” In our view, this item is satisfied by the mere fact of adjudication, without reference to the formal sufficiency of the adjudicatory order. Where the formal requisites of the order are deemed relevant, as in item (b)l., the statute is specific. Thus, in (b)l., the trial court must ascertain whether “a disposition order was entered pursuant to s. 39.41.” A disposition order was indeed entered in the instant case, and the formal requirements for such an order set out in section 39.41(l)(b)l.-7., Florida Statutes (1993), do not include a statement of the factual findings upon which dependency was based. In short, nothing in § 39.467(3) precludes termination of parental rights where the dependency order fails to set forth factual findings as to the basis for dependency.
Accordingly, the order dismissing the petition for termination of parental lights is REVERSED, and the case is REMANDED to *1149 the trial court for consideration of the merits of HRS’ petition.
MINER, WOLF and VAN NORTWICK, JJ., concur.