700 So.2d 3 (1997)
In re the Interest of E.L. Mother of J.E.F.L., a child, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 96-2311.
District Court of Appeal of Florida, First District.
February 10, 1997.
As Modified on Grant of Clarification August 5, 1997.
*4 Lloyd E. Peterson, Jr., Lake City, for Appellant.
Lainie S. Krop, Assistant State Attorney, Office of the State Attorney Child Welfare Legal Services, Gainesville, for Appellee.
JOANOS, Judge.
In this appeal from a final order terminating parental rights, appellant contends the trial court erred in granting termination based solely on the fact that a minor without counsel signed a surrender and consent giving the child to the Department of Health and Rehabilitative Services ("DHRS") for subsequent adoption, because the court never determined that the consent was made voluntarily and with full understanding of the nature of the allegations and the possible consequences of the consent. We agree that the procedure followed in granting termination was not adequate, and, therefore, we reverse for further proceedings.
Appellant, herself a minor at the time, originally stipulated to her own and her child's dependency. The goal of the initial case plan was to reunite mother and child, however, not long after the dependency stipulation, appellant signed surrender forms giving up her parental rights. At that time, she also signed a written form waiving counsel. DHRS filed a petition to terminate parental rights. At the advisory hearing, which appellant did not attend, the court appointed counsel to represent her.
According to the final order, appellant's attorney appeared at the scheduled hearing, but appellant did not. Her attorney moved for a continuance, representing that appellant wanted to appear, but had been unable to find transportation. The court denied the continuance. The final order indicates that the parties stipulated that "the only issue on appeal shall be whether a minor without counsel may sign an affidavit of surrender, consent, and waiver of notice giving custody of the child to the Department for subsequent adoption." In light of the governing rules and case law, we conclude that while a minor without counsel may sign a surrender, the trial court first must have determined that the right to counsel was knowingly and intelligently waived.
Counsel must be appointed for the indigent mother in proceedings where permanent termination of parental rights may result. See In the Interest of D.B., 385 So.2d 83, 91 (Fla.1980). The stage at which counsel is appointed is particularly important in this case because once the surrender has been executed, it can only be withdrawn upon a finding that it was the product of fraud or duress. See § 39.464(1)(a)(2), Fla. Stat. (1995). In addition, the Rules of Juvenile Procedure require the following:
(b) Waiver of Counsel
(1) No waiver shall be accepted if it appears that the parent is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record. The court shall question the parent in sufficient detail to ascertain that the waiver is made knowingly and intelligently.
In the present case, the court did not ascertain that any waiver of counsel was made knowingly and intelligently. Under the circumstances, the trial court should have granted the continuance as requested or *5 should have made the required findings as to waiver of counsel.[1]
REVERSED AND REMANDED for further proceedings.
VAN NORTWICK and PADOVANO, JJ., concur.

ON MOTION FOR CLARIFICATION
Appellee asserts that clarification is required as to the applicability to this case of Florida Rule of Juvenile Procedure 8.515, which provides that in a termination of parental rights case, waiver of counsel must occur in court and be of record. Appellee points out that section 39.465(1)(b)(2), Florida Statutes, provides the terms for an out-of-court waiver of counsel, implying that an out-of-court waiver is permitted. Appellee further points out that section 39.465(1)(c) specifically provides that the subsection, which requires renewal of the offer of counsel at each stage of the proceedings, and sets forth the conditions for waiver of counsel, does not apply to cases in which the parent "has voluntarily executed a written surrender of the child and consent to the entry of a court order therefor and who does not deny the allegations of the petition." (Emphasis supplied).
On looking more closely at the interplay of the rule cited in our initial opinion for the proposition that a waiver of counsel must be made in court and of record, Fla.R.Juv.P. 8.515(b)(2), and other pertinent rules and statutory provisions cited by appellee, we conclude that rule is not intended to apply in the instant situation. Further, we conclude that this case is governed primarily by sections 39.464(1)(a)1. and 2., Florida Statutes. These sections set forth the requirements for a voluntary surrender, and provide that the surrender may only be withdrawn, after acceptance, "after a finding by the court that the surrender and consent were obtained by fraud or duress." See § 39.464(1)(a)2., Fla. Stat. Section 39.465(1)(c) is also pertinent.
The instant case presents a unique set of circumstances. After having executed a voluntary surrender, appellant sought a continuance of the final adjudicatory hearing upon a representation that she wished to attend and contest the termination, but was unable to obtain transportation. This hearing presented her only opportunity to challenge the conditions under which she executed the voluntary surrender. In effect, she sought to deny the allegations in the petition for termination, i.e., she apparently would assert that there had been fraud or duress, thus her surrender of the child was not voluntary. In that situation, it appears section 39.465(1)(c) would not be conclusive, that is, the provisions of 39.465(1) as to appointment and waiver of counsel would become applicable once again. In this case, counsel had already been appointed, and would have been available to assist appellant in her attempt to show fraud or duress. We continue to believe the court should have granted the continuance so that appellant could appear to challenge the surrender.
Therefore, we grant the motion for clarification to the extent indicated above, and modify our opinion to direct the trial court to grant the continuance and allow appellant an opportunity to appear and, with the assistance of her appointed counsel, attempt to show fraud or duress in the execution of the surrender.
VAN NORTWICK and PADOVANO, JJ., concur.
NOTES
[1] We agree with appellant that the waiver form itself was somewhat confusing and inconsistent.