MeCAULIE, Associate Judge.
Appellant appeals a judgment terminating his parental rights to four of his children. The Department of Health and Rehabilitative Services[1] served the father with an amended petition for termination of parental rights on October 29, 1996. The advisory hearing was conducted the next day, October 30, 1996 at 9:00 a.m. The father did not attend the advisory hearing. Based upon his failure to appear, the court entered a consent on his behalf to the petition by default. See § 39.462(l)(d), Fla. Stat. (1995). An adjudicatory hearing was scheduled for December 11, 1996. The father appeared at that hearing and expressed his objection to the termination of parental rights and requested counsel. The court denied his request and continued on with the hearing which resulted in the judgment appealed. The trial court’s procedure failed to comply with section 39.465(l)(a), Florida Statutes (1995), and the judgment must therefore be reversed.
When the father appeared at the adjudicatory hearing, the court and the father entered into the following colloquy:
THE COURT: — parental rights. That petition was served on you personally. You failed to appear. On there it says that if you fail to appear it will be deemed a consent. So we entered a consent to the termination of parental rights for you. Now that may be okay with you. It is with many here. And some it is not. So I just want to know —
MR. JAMES BRYANT, SR.: It’s not okay with me.
THE COURT: Did you bring an attorney here today.
MR. JAMES BRYANT, SR.: No. I asked could they appoint me an attorney, but they never did.
THE COURT: When was that?
MR. JAMES BRYANT, SR.: It was the last time I was here. They said something about I didn’t need an attorney.
THE COURT: Okay. It may have been before the goals changed of termination, I don’t know. Do you remember being served papers?
MR. JAMES BRYANT, SR.: Right, it was the day before the court date.
Later in the proceeding, the father stated his basic objection to the termination and his continued request for legal assistance.
MR. JAMES BRYANT, SR.: Yes. The only thing I said I had been dealing with HRS for like the last eight years. See, they will tell me something and then I start working and then it looks like they’ll tell me something else. I just lose interest then. So I don’t know what they want me to do, that’s why I asked for a lawyer, somebody who could represent me. See, *1210 I’m dealing against lawyers it seems like and I can’t fight a lawyer. I’m not a lawyer.
THE COURT: Okay. Well, I’m going to regard — you, of course, are free to walk into this courtroom with an attorney that you have hired to represent you and you never lose that right, but I don’t find that you qualify for a court appointed lawyer given your consent, at least as of today at this moment and the lateness of the possible request that you necessarily need it for today.
Section 39.465(l)(a) provides: “At each stage of the proceeding under this part, the court shall advise the parent ... of the right to have counsel present. The court shall appoint counsel for insolvent persons.” (emphasis supplied). Further section 39.465(l)(b)3. provides that “the offer of assistance of counsel must be renewed at each subsequent stage of the proceedings at which the parent ... appears without counsel.” (emphasis supplied). Finally, section 39.467(2) contemplates that the court may delay the adjudicatory hearing for “reasonable continuances for the purpose of ... procuring counsel....”
The court in this proceeding failed to advise the father of his right to counsel at the adjudicatory hearing or to continue the hearing for the purpose of allowing him an opportunity to obtain counsel. This case is similar to the unique circumstances in In re Interest of E.L., mother of J.E.F.L. v. Department of Health and Rehabilitative Services, 700 So.2d 3 (Fla. 1st DCA 1997). In both these cases the parents subsequently appeared at the adjudicatory hearing, after either voluntary surrender (In re Interest of E.L.) or having a consent by default entered (this ease), and denied the allegations of the petition seeking to terminate parental rights. As in In re Interest ofE.L., this case must be remanded to allow the parent an opportunity to appear and with the assistance of counsel attempt to challenge the consent to termination of parental rights. (In E.L., the court only allowed an opportunity to challenge whether there was fraud or duress in the execution of the surrender. In this case the father should be allowed to attempt to set aside the consent by default and present evidence at an adjudicatory hearing).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.

. The legislature created the Department of Children and Family Services, Chapter 97-237, § 6, Laws of Florida, and transferred authority over these matters from the Department of Health and Rehabilitative Services to the Department of Children and Family Services. Ch. 97-101, § 9, Laws of Fla.