742 So.2d 275 (1998)
D.B., a/k/a/ D.S., Appellant,
v.
DEPT. OF CHILDREN AND FAMILIES, Appellee.
No. 97-2626.
District Court of Appeal of Florida, First District.
March 24, 1998.
George F. Schaefer, Gainesville, for Appellant.
Diane W. Baylor, Gainesville, for Appellee.
MINER, Judge.
Appellant seeks review of an order granting a petition for termination of parental rights in her two minor children. We affirm the trial court's determination that the order of dependency, even if technically deficient, is sufficient to show a prior adjudication of dependency, and find that the court's denial of the requested continuance, under the facts of this case, was not an abuse of discretion.
*276 Appellant's 7-year old twin sons hitchhiked from Alabama to Florida with their stepfather. Their stepfather was subsequently arrested while in Florida, and his brother, who lives in Gainesville, responded to a call from the City of Alachua Police Department by taking the boys into his home temporarily while he tried to contact the mother. The boys' mother finally was located in Alabama, and although she stated she would come and get the boys, she neither came nor called with an explanation as to why she could not come. Unable to continue caring for the boys, the stepfather's brother surrendered the boys to the Department of Health and Rehabilitative Services (Department or HRS) approximately two weeks after the stepfather's arrest.
A delinquency petition was filed by the Department, and the mother was personally served with both the petition and a summons for the dependency hearing by an HRS protective services worker approximately a week before the scheduled dependency hearing. Although she told the protective services worker she would be present at the dependency hearing, the mother did not attend and has never offered any explanation for her absence. The court found her failure to appear tantamount to consent to dependency and entered a dependency order.
Subsequently, a series of court review hearings was scheduled, none of which the mother attended for more than a year after her sons were adjudicated dependent. When she finally appeared, the court appointed an attorney for her, and her attorney attended each judicial proceeding thereafter. To be charitable, the mother's attendance at these hearings was sporadic even after the appointment of her attorney. In fact, she had no contact with the court, the Department, or her attorney in the nine months before the hearing that resulted in the order on appeal, except for a single letter she sent her attorney prior to the termination of parental rights hearing indicating that she would attend.
From the time the boys first were surrendered to the Department, HRS made persistent efforts to locate and maintain contact with the mother and to assist her in obtaining services necessary to meet the Department's case plan tasks. In July of 1996, approximately 19 months after the initial adjudication of dependency, the Department filed an amended case plan seeking termination of the mother's parental rights. The first adjudicatory hearing scheduled on the Department's petition was postponed when the mother appeared and misled the court regarding the completion of her case plan tasks at the judicial review prior to commencement of the adjudicatory hearing. Despite being ordered to provide documentation of her claimed completion of these tasks, the mother has produced nothing, and the Department was never able to verify that she completed any of the case plan tasks. Accordingly, the adjudicatory hearing to determine whether her parental rights should be terminated was finally set for April 10, 1997.
Appellant was not present when the adjudicatory hearing commenced on April 10, 1997, but her attorney stated that he was ready to proceed in spite of her absence. He opened the hearing by contending that the proceeding could not go forward because the termination hearing was predicated in part upon a defective adjudication of dependency and thus the court could not meet the statutory requirement of finding there had been a prior adjudication of dependency. He claimed that the dependency order lacked both findings of fact and a statement of whether dependency was found by a preponderance or clear and convincing evidence. Relying upon this court's prior statement in Department of Health and Rehabilitative Services v. N.T., 670 So.2d 1147 (Fla. 1st DCA 1996), that nothing in section 39.467(3), Florida Statutes (1995), precludes termination of parental rights where the dependency order fails to set forth a factual basis for the dependency, *277 the court denied the motion in limine, and the hearing proceeded. We find no fault with the court's ruling on this point.
Appellant had notice of the prior dependency hearing but, consistent with her prior pattern of conduct, was not present at the hearing. She had 30 days following entry of the dependency order to appeal any alleged deficiencies, but she failed to do so. We find that final order is sufficient to show a prior adjudication of dependency for purposes of section 39.467(3).
Although the Department may rely on facts found in a dependency order by clear and convincing evidence in a termination of parental rights proceeding and avoid the necessity of proving dependency twice, either a failure of the dependency order to state the facts on which dependency was based or a failure of the dependency order to state the standard of proof on which the finding is based prevents the Department from relying on the dependency order for this purpose. See In the Interest of G.H. III, 617 So.2d 422 (Fla. 1st DCA 1993). In this case, however, we need not examine whether the order was deficient because the Department did not rely on the factual finding of the initial dependency determination, but rather presented evidence sufficient for a finding of dependency by clear and convincing evidence at the termination of parental rights adjudicatory hearing.
Appellant also alleges that the trial court abused its discretion by failing to grant a continuance to allow the natural mother to testify at the termination of parental rights hearing. At the outset of the hearing, as previously noted, appellant's attorney stated that he was prepared to proceed in the appellant's absence, and it was not until a break nearly two hours into the proceeding that appellant's counsel called his office for messages and learned that appellant had left a message on his answering machine after 5:00 p.m. on the previous evening stating that she was experiencing car trouble and would not be able to attend the hearing the next day. She left no information regarding where she was or how she could be reached, and she did not indicate when she thought she could be present to testify. Upon reconvening after the break, appellant's attorney asked for a continuance to allow his client to be present to testify. The court denied the motion based upon the fact that appellant did not contact the court, did not contact her attorney until after business hours, and did not follow up the day of the hearing to be sure that the message to her counsel had been received, and because she had, at best, a spotty history regarding contact with the court, the Department, and her children. On this record, we are not prepared to find that the trial court abused its discretion in denying the continuance.
We disagree with appellant that In re E.L., J.E.F.L. v. Department of Health and Rehabilitative Services, 700 So.2d 3 (Fla. 1st DCA 1997), controls this case. Although we held in E.L. that it was an abuse of discretion for the trial court to deny a continuance when a natural mother's transportation difficulties prevented her from testifying at the termination of parental rights hearing, the circumstances of that case clearly distinguish it from the case at bar.
First, the natural mother in E.L. was a minor who signed an ambiguous waiver of her right to counsel and a consent to surrender her child for adoption and then later alleged that she had entered into the consent to surrender based upon fraud or duress. In the instant case, the mother is not a minor, has not waived her right to counsel, and consented to the dependency of her children by failing to appear at the dependency hearing of which she had notice. Important to note is that appellant here did not surrender her children for adoption. One of the pivotal issues in E.L. was whether the minor mother could waive her right to counsel, and although we determined that she could, we held that the trial court had to determine at the termination *278 of parental rights hearing whether that waiver had been knowing and voluntary. There the mother's absence from the hearing prevented the court from making such a finding, and we therefore held that the trial court abused its discretion by not granting the continuance so that the mother could be present for questioning.
Additionally, although the consent to surrender a child for adoption may only be subsequently withdrawn upon a finding that it was the product of fraud or duress under section 39.464(1)(a), a consent to dependency does not have such permanent consequences. At each judicial review, the trial court is required to determine whether the circumstances resulting in dependency continue, and at any time those circumstances no longer exist, the parent and child can be reunited.
The mother in the case at bar has had, but has not taken advantage of, a number of opportunities since the default consent to dependency to show that the circumstances resulting in dependency no longer exist. She was present with her attorney at two judicial reviews where the court made findings of continued dependency. The record before us does not indicate that the mother ever made any attempt to show circumstances necessitating dependency did not exist, but indicates only a general denial of the allegations in the petition for termination of parental rights served upon her.
Finally, the natural mother in E.L. made actual contact with her attorney prior to the adjudicatory hearing so that her attorney could apprise the court of her transportation difficulties and desire to appear and request a continuance in a timely fashion. In the case at bar, appellant's only contact with her attorney in the nine months leading up to the termination of parental rights proceeding was a letter sent to the attorney approximately a week before the hearing indicating that she planned to be present and the after-hours answering machine message she left at his office the night before the hearing commenced.
As previously noted, her attorney stated on the record at the beginning of the hearing that he was prepared to proceed in her absence and only later requested a continuance when he discovered the after-hours message. In light of the numerous previous opportunities the natural mother had to dispute the circumstances creating the dependency of these little boys, her previous history of failing to attend hearings, her prior representation affirmatively misleading the court to obtain the postponement of the previously scheduled termination of parental rights hearing, and her failure to remain in contact with the court, the petitioning agency, and her attorney, along with the fact that she left no information regarding her whereabouts or how she could be contacted, we decline to find that the trial court abused its discretion when it denied appellant's mid-hearing motion for continuance.
Accordingly, we affirm the trial court's order terminating appellant's parental rights.
WOLF, J., concurs.
SHIVERS, DOUGLAS B., Senior Judge, concurs in part and dissents with opinion.
SHIVERS, DOUGLAS B., Senior Judge, concurring in part, and dissenting in part.
While I agree with my colleagues that there was a prior adjudication of dependency sufficient to meet the statutory requirement for termination of parental rights under N.T., I would find the failure to grant the continuance an abuse of discretion.
This is an unusual case involving an indigent Alabama mother whose children came into the care of the Florida Department of Rehabilitative Services when family members could not care for the boys following their stepfather's arrest as they *279 hitchhiked back to Alabama after a brief visit with relatives here in Florida. The failure to grant the requested continuance in this case denied the natural mother the opportunity to present her side of the story regarding the circumstances surrounding her children's surrender to the State of Florida, and thwarted her attempt to avoid permanent termination of her parental rights.
Ordinarily, it is strictly within the discretion of the trial judge whether or not a continuance is granted, and the trial court's discretion will not be interfered with on appeal where justice is not denied. See, e.g., Beachum v. State, 547 So.2d 288 (Fla. 1st DCA 1989). Where the specific testimony a witness was to offer was not, and could not have been, offered by any other witness, and where that testimony is central to the issue at bar, it constitutes an abuse of discretion to deny a continuance to allow a temporarily delayed witness to testify. Id. While appellant's counsel vigorously represented his client, cross-examining witnesses, and offering argument on her behalf, the one thing he could not do was present appellant's explanation regarding why she had not immediately come to get her children in rebuttal to the state's allegation of abandonment.
As the United States Supreme Court has stated in Santosky II v. Kramer, "The fundamental liberty interest of a natural parent in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State.... When the State moves to destroy the weakened familial bond, it must provide the parents with fundamentally fair procedures." 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). While ordinarily, a party's history of failing to appear combined with the individual's absence from an adjudicatory hearing would be sufficient grounds to deny a request for continuance, deprivation of the fundamental right of care and custody of one's child is a serious matter, worthy of the utmost protection. The majority's holding that it was not an abuse of discretion to deny the continuance in this case effectively denies the appellant due process by depriving her of the opportunity to rebut the state's allegations prior to deprivation of the fundamental right to the care and custody of one's children. Appellant could have been more diligent in ensuring that the court and her counsel were aware of her inability to appear, but she did attempt to make her counsel aware of her transportation difficulties and the fact that she would not be present at the hearing. I believe the seriousness and permanency of termination of parental rights and the lack of an emergency requiring an immediate decision by the court, mitigate in favor of allowing the natural parent an opportunity to testify in order to rebut the state's charges. As this court has previously held in In re E.L., J.E.F.L. v. Department of Health and Rehabilitative Services, 700 So.2d 3 (Fla. 1st DCA 1997), the termination of parental rights hearing was the final opportunity for the natural mother to avoid permanent separation from her children, and the trial court should have granted a continuance to allow her to testify where transportation difficulties prevented her from appearing to present her case. While the majority attempts to distinguish E.L., the reality is that in both E.L. and the instant case, the termination of parental rights hearing was the natural mother's last opportunity to show that she should not be permanently separated from her children. Appellant's history of failure to appear and failing to maintain contact with the agency and the court may justify granting a single, short continuance with notice to the mother that no additional continuances will be granted, but it does not justify denying her the opportunity to rebut the state's case.
The majority states that the mother had the opportunity to rebut the state's allegation of abandonment in a prior proceeding. The record before us does not indicate the mother ever testified regarding the charge *280 of abandonment in any prior hearing, but even if she did, the state's burden was considerably lighter under the preponderance of the evidence standard in those proceedings than it is in the termination of parental rights proceeding now at bar. I would therefore remand for a single brief continuance for the sole purpose of allowing appellant one opportunity to testify prior to any decision to terminate her parental rights.