COBB, J.
Petitioner Rishan Sagar, defendant below, seeks certiorari review of two circuit court orders compelling defense experts, appointed pursuant to Florida Rule of Criminal Procedure 3.216(a), to provide their notes, records, communications, opinions, reports and data to the co-defendants.[1]
Rule 3.216(a) expressly states that the experts appointed under this subsection shall only report to the attorney for the defendant and matters related to the experts shall fall under the lawyer-client privilege. The privilege is only waived if the defendant actually calls the confidential expert to testify. See Sanders v. State, 707 So.2d 664 (Fla.1998); Morgan v. State, 639 So.2d 6 (Fla.1994); Lovette v. State, 636 So.2d 1304 (Fla.1994). The fact that the defendant lists the expert as a potential witness is not sufficient to waive the privilege. See Ursry v. State, 428 So.2d 713 (Fla. 4th DCA), rev. denied, 438 So.2d 834 (Fla.1983). Although petitioner provided copies of the confidential experts’ reports, as required by Florida Rule of Criminal Procedure 3.216(g), this limited disclosure is not sufficient to waive the privilege. Therefore, the petition for writ of cer-tiorari is granted and the trial court’s orders are quashed.
PETITION GRANTED AND ORDERS QUASHED. . .
W. SHARP and GOSHORN, JJ. concur.

. Petitioner also seeks review of an oral order granting the state's ore terms motion for production, but the oral order has not been rendered and therefore is not reviewable. See In re: Guardianship of A.P., 644 So.2d 169 (Fla. 4th DCA 1994).