943 So.2d 885 (2006)
In the Interest of D.A., G.A., and R.R., children.
B.B. a/k/a A.B., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D05-5205.
District Court of Appeal of Florida, Second District.
November 29, 2006.
*886 Henry G. Gyden of Carlton Fields, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
B.B., the Mother, seeks review of the trial court's order terminating her parental rights to her three children. The Mother argues that the trial court abused its discretion in denying her counsel's request for a continuance when the Mother failed to appear at the adjudicatory hearing and in determining that her failure to appear constituted a consent to the termination of her parental rights. We agree and reverse.
Section 39.801(3)(d), Florida Statutes (2004), provides that a parent's failure to personally appear at the adjudicatory hearing constitutes a consent for termination if the parent had been advised in person at the advisory hearing to appear. The purpose of this provision is to ensure that a parent does not defeat the object of the termination proceeding by failing to appear. T.L.D. v. Dep't of Children & Family Servs. (In re A.N.D.), 883 So.2d 910, 913-14 (Fla. 2d DCA 2004). However, Florida public policy favors an adjudication on the merits as opposed to a consent judgment because termination proceedings involve the fundamental right to parent. Id. at 915. Thus, "courts should ordinarily refrain from determining a termination of parental rights by default when an absent parent makes a reasonable effort to be present at a hearing but is prevented or delayed by circumstances beyond the parent's control." Id. at 914.
In this case, the Mother attended the advisory hearing, and the court informed her of the date and time for the adjudicatory hearing. The Mother did not appear for the adjudicatory hearing, and her counsel told the court that the Mother's caseworker had informed him that they were having transportation problems. Counsel requested a continuance and assured the court that he would provide the Mother transportation to the next hearing. The trial court denied counsel's request for a continuance and, pursuant to section 39.801(3)(d), determined that her failure to appear constituted a consent to the termination of her parental rights.
The facts of this case are analogous to those in R.P. v. Department of Children & Families, 835 So.2d 1212 (Fla. 4th DCA 2003). In R.P., the father had been advised of the date of the adjudicatory hearing but failed to appear. Id. at 1213. Counsel for the father explained that the father had transportation problems. He had to rent a car from 200 miles away to get to the hearing, and he had only confirmed that his presence was required after the car rental company had closed. The court granted a continuance until that afternoon, but the father did not appear. At this point, counsel informed the court that the father was still 200 miles away, but he was en route. The court denied counsel's motion for a continuance and entered a consent to the termination on the father's behalf.
*887 The Fourth District reversed, holding that there was "no indication of stalling or disregard by the father" and there was no evidence that "a brief continuance would have had adverse consequences to the child." Id. Thus, the court concluded that "there was not a single valid reason to refuse the continuance, but several good ones to grant it." Id.
As in R.P., the Mother was prevented from attending the hearing due to transportation problems beyond her control. There was no indication of stalling or disregard by the Mother and no evidence that the children would have been harmed by the granting of a brief continuance. We therefore conclude that the trial court abused its discretion in denying counsel's motion for a continuance and determining that the Mother's failure to appear constituted a consent to the termination of her parental rights.
We reject the Department's argument that this case is more analogous to D.B. v. Department of Children & Families, 742 So.2d 275 (Fla. 1st DCA 1998). In D.B., counsel for the mother requested a continuance of the adjudicatory hearing because the mother had left a message on his answering machine the previous evening stating that she was having car trouble and was unable to attend. Id. at 277. The First District affirmed the trial court's denial of a continuance because the mother did not contact the court, did not contact counsel until after business hours, and did not follow up to be sure counsel got her message. The court also noted that the mother also had a long history of nonappearance at hearings in the termination case. Id. at 276. In fact, she had not attended the dependency hearing, and she had no contact with the Department, counsel, or the court for nine months before the adjudicatory hearing.
In this case, the Mother did not contact counsel directly to inform him she was having transportation problems, but the Mother did not have the long history of nonappearance present in D.B. The Mother attended the dependency hearing, the initial judicial review hearing, and the advisory hearing. Although she failed to attend the hearing at which her case plan was adopted and the second or third judicial review hearings, her counsel attended and her presence at these hearings was not mandatory. Furthermore, counsel himself represented that he would provide the Mother transportation to the next hearing. Thus, contrary to the State's assertions, it is not doubtful that the Mother would appear for a continued hearing.
Reversed and remanded.
FULMER, C.J., and CANADY, J., Concur.